UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
SEP 26 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Piero Bugoni,  )
  )
    Plaintiff,  )
  )
v.  )  Civil Action No. 11 1731
  )
  )
Eric Holder, *et al.*,  )
  )
    Defendants.  )

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Under that statute, the Court is required to dismiss a case "at any time" it determines that the complaint fails to state a claim upon which relief can be granted.

Plaintiff is a resident of Boca Raton, Florida, suing Attorney General Eric Holder, Jr., and the Clerks of the Maricopa County Superior Court in Arizona and the Palm Beach County Circuit Court in Palm Beach, Florida, under 42 U.S.C. §§ 1981, 1983.[1] Each defendant is sued in his or her official capacity only. *See* Compl. Caption. Plaintiff sues the clerks of court for maintaining and allegedly disseminating official records, the latter of which has "on numerous occasions caused him to be denied employment." Compl. ¶ 20. He acknowledges that he is a convicted felon, *id.* ¶ 11, and that the dissemination of his criminal record is the result of background

---

[1] Plaintiff also invokes 28 U.S.C. § 1441, but that statute governing the removal of state actions to federal court has no application here.

checks by potential employers. *See id.* ¶¶ 36-39. Plaintiff seeks "exclusively equitable relief" in the form of an injunction and a declaratory judgment, *id.* ¶ 14, but he does not allege any facts that could reasonably be viewed as actionable conduct on the part of the named defendants.[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . .") (citations omitted); *Dickerson v. District of Columbia*, ___ F. Supp. 2d ___, 2011 WL 3702397 (D.D.C. Aug. 24, 2011), at *2 ("To establish a claim under § 1981, plaintiffs must show that (1) they are members of a racial minority group; (2) the defendant intended to discriminate on the basis of race; and (3) the discrimination pertained to one of the activities enumerated in the statute.") (citation omitted); *Stoddard v. District of Columbia*, 764 F. Supp. 2d 213, 218 (D.D.C. 2011 ) ("To state a claim under Section 1983, a complaint must allege facts sufficient to show that the conduct of which a plaintiff complains (1) was committed by a person acting under color of [state] law, and (2) deprived the plaintiff of a constitutionally-protected right.") (citation omitted).

Furthermore, § 1983 and its federal analog created by *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), provide only for the recovery of monetary damages from a defendant sued in his personal capacity. *See Wilson v. Layne*, 526 U.S. 603, 609 (1999) ("Both *Bivens* and § 1983 allow a plaintiff to seek money damages from government officials who have violated [constitutional] rights."); *Davis v. Passman*, 442 U.S. 228, 245 (1979) (under *Bivens*, "it is damages or nothing.") (citation and internal quotation marks omitted); *Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 369 (D.C. Cir. 1997)

---

[2] In essence, plaintiff seeks to have his criminal records expunged. *See* Compl. at 21-22. This Court lacks jurisdiction to expunge other courts' records.

2

("*Bivens* actions are for damages . . . If the [] defendant is found liable, he becomes personally responsible for satisfying the judgment . . . ."). Hence, plaintiff's official-capacity suit for equitable relief is not cognizable under § 1983. A separate Order of dismissal accompanies this Memorandum Opinion.

/s/ Rosemary M. Collyer
United States District Judge

Date: September 22, 2011